UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HVN CLOTHING, INC.; *and*

HARLEY VIERA-NEWTON,

    Plaintiffs,

        - v -

LOMEWAY E-COMMERCE (LUXEMBOURG) LIMITED d/b/a ZAFUL;

    Defendant.

No. 22 CV 0027

## TEMPORARY RESTRAINING ORDER

UPON CONSIDERATION OF the Motion for Temporary Restraining Order and Preliminary Injunction, (ECF Doc. 11) (the "Motion"), filed on January 6, 2022 by Plaintiffs HVN Clothing, Inc. and Harley Viera-Newton (together, "Plaintiffs"); the argument, declarations and other evidence submitted in support of the Motion; and all other papers and proceedings heretofore had herein;

IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 65, that a temporary restraining order shall be immediately entered as described herein.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.    This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121, 1331, and 1338(a); pursuant to 28 U.S.C. 1338(b); and pursuant to 28 U.S.C. § 1367(a).

2.    Plaintiff HVN Clothing, Inc. is the owner of the U.S. trademark "HVN", U.S. Reg. No. 5,517,188, in International Class 25, which covers hats, kimonos, pants, robes, scarves, shorts, sleepwear, swimwear, and women's clothing, namely shirts, dresses, skirts, and blouses (the "HVN Mark").

3. Plaintiff Harley Viera-Newton is the owner of the registered copyright in a work registered with the U.S. Copyright Office in May 2017 and assigned Reg. No. VA 2-073-125 (the "HVN Cherry Print").

4. Defendant Lomeway E-Commerce (Luxembourg) Limited d/b/a Zaful ("Defendant") offered for sale, sold, and distributed clothing bearing the HVN Mark and the HVN Cherry Print to consumers in the United States and in the State of New York.

5. No Plaintiff authorized the Defendant to use, copy, reproduce, display, offer for sale, sell, or distribute goods bearing the HVN Mark or the HVN Cherry Print.

6. Plaintiffs are likely to prevail at trial on their claims for copyright infringement, trademark infringement, and trademark counterfeiting because Defendant sold counterfeit versions of the HVN Mark and sold apparel that copies the HVN Cherry Print.

7. As a result of Defendant's misconduct, Plaintiffs are likely to suffer irreparable harm unless a temporary restraining order is entered, because (a) Defendant has offered for sale and sold counterfeit HVN goods that infringe Plaintiffs' trademark rights and copyright; and because (b) Plaintiffs have demonstrated a well-founded fear that, unless Defendant's conduct is enjoined, additional infringing and counterfeit products may appear in the marketplace, and that consumers will be misled, confused and disappointed by those infringing and counterfeit products, resulting in injury to Plaintiffs' reputation.

8. The balance of harms and the public interest favor issuance of a temporary restraining order because a temporary restraining order will protect the Plaintiffs and the public against harms caused by the Defendants' conduct, and because the benefit of the restraint outweighs the Defendant's interest in continuing to profit from its illegal and infringing conduct.

9. Service on Defendant and Defendant's counsel via email, with a copy by recognized international express courier to the Defendant's principal office, is reasonably calculated to result in proper notice to the Defendant.

## TEMPORARY RESTRAINING ORDER

10. IT IS HEREBY ORDERED, sufficient cause being shown, and based upon the foregoing findings of fact and conclusions of law, that Defendant and its officers, agents, servants, employees, attorneys and all other persons in active concert or participation with Defendant, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of the Motion or further order of the Court:

   (a) using the registered HVN Mark for, or in connection with the manufacture, distribution, advertising, promotion, offering for sale, or sale of hats, kimonos, pants, robes, scarves, shorts, sleepwear, swimwear or women's clothing, namely shirts, dresses, skirts and blouses; and

   (b) using, displaying, reproducing or copying the copyrighted HVN Cherry Print on, or in connection with the manufacture, distribution, advertising, promotion, offering for sale, or sale of any goods.

## SECURITY

11. IT IS FURTHER ORDERED, pursuant to Fed. R. Civ. P. 65(c), that Plaintiffs shall deposit with the Court the sum of ten thousand dollars ($10,000.00), in cash, cashier's check, or surety bond, as security, which amount is deemed adequate for the payment of such damages as any person may be entitled to recover as a result of wrongful restraint hereunder.

## NOTICE TO THE RESTRAINED PARTY

12. IT IS FURTHER ORDERED that service of this Order, the Motion, and all supporting papers by email upon the Defendant's legal department (legal@zaful.com) and its outside counsel Dr. Jorg Brettschneider, LL.B. (desk@ecomvat.com), with a hard copy via recognized international express courier to Defendant's principal office at Lomeway E-Commerce (Luxembourg) Limited, 29 Boulevard Prince Henri, L-1724, Luxembourg, on or

before **January 11, 2022**, shall constitute good and sufficient service. Plaintiffs shall file proof of such service by **January 12, 2022**.

## PRELIMINARY INJUNCTION HEARING

13. IT IS FURTHER ORDERED that a hearing shall be held on **January 24, 2022, at 4:00 p.m.**, at which Plaintiffs may present their arguments in support of their request for issuance of a preliminary injunction. At such time, Defendant may also be heard as to opposition to Plaintiffs' Application. The hearing will take place remotely by telephone in accordance with Rule 2(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman. The parties should join the conference by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key. (Members of the public and press may also attend using the same dial-in information; they will not be allowed to speak during the conference.) Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 2(B)(i), which requires the parties, no later than 24 hours before the conference, to send an email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.

14. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed and served by **January 17, 2022 (notwithstanding the fact that it is a Court holiday)**. Any reply shall be filed and served by **January 20, 2022**.

This Temporary Restraining Order is entered at 11**:00 a.m. on January 10, 2022**, and shall remain in effect for fourteen (14) days.

SO ORDERED.

Dated: January 10, 2022
New York, New York

_____
Hon. Jesse M. Furman
United States District Judge