UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HVN CLOTHING, INC.; *and*

HARLEY VIERA-NEWTON,

    Plaintiffs,

       - v -

LOMEWAY E-COMMERCE (LUXEMBOURG) LIMITED d/b/a ZAFUL;

    Defendant.

No. 22-CV-0027

# ORDER GRANTING
## PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION

UPON CONSIDERATION OF the Motion for Temporary Restraining Order and Preliminary Injunction, (ECF Doc. 11) (the "Motion"), filed on January 6, 2022 by Plaintiffs HVN Clothing, Inc. and Harley Viera-Newton (together, "Plaintiffs"); the argument, declarations and other evidence submitted in support of the Motion; and all other papers and proceedings heretofore had herein;

WHEREAS, by Order entered January 10, 2022, the Court set a hearing on January 24, 2022 for the presentation of Plaintiffs' arguments in support of their Motion and request for issuance of a preliminary injunction, and for Defendant's opposition, if any, (ECF Doc. 24 ¶ 13);

WHEREAS, Plaintiffs filed proof of service of the January 10, 2022 Order, along with copies of the Motion and all supporting papers, upon the Defendant, (ECF Doc. 25);

WHEREAS, Defendant did not file any opposition or otherwise appear in this action, including at the preliminary injunction hearing held earlier today;

IT IS HEREBY ORDERED, that the Motion is GRANTED as unopposed on terms as set forth in this Order; and it is further ordered, pursuant to Fed. R. Civ. P. 65, that a preliminary injunction shall be immediately entered as described herein.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121, 1331, and 1338(a); pursuant to 28 U.S.C. 1338(b); and pursuant to 28 U.S.C. § 1367(a).

2. Plaintiff HVN Clothing, Inc. is the owner of the U.S. trademark "HVN", U.S. Reg. No. 5,517,188, in International Class 25, which covers hats, kimonos, pants, robes, scarves, shorts, sleepwear, swimwear, and women's clothing, namely shirts, dresses, skirts, and blouses (the "HVN Mark").

3. Plaintiff Harley Viera-Newton is the owner of the registered copyright in a work registered with the U.S. Copyright Office in May 2017 and assigned Reg. No. VA 2-073-125 (the "HVN Cherry Print").

4. Defendant Lomeway E-Commerce (Luxembourg) Limited d/b/a Zaful offered for sale, sold, and distributed clothing bearing the HVN Mark and the HVN Cherry Print to consumers in the United States and in the State of New York.

5. No Plaintiff authorized the Defendant to use, copy, reproduce, display, offer for sale, sell, or distribute goods bearing the HVN Mark or the HVN Cherry Print.

6. Plaintiffs are likely to prevail at trial on their claims for copyright infringement, trademark infringement, and trademark counterfeiting because Defendant sold counterfeit versions of the HVN Mark and sold apparel that copies the HVN Cherry Print.

7. As a result of Defendant's misconduct, Plaintiffs are likely to suffer irreparable harm unless a preliminary injunction is entered, because (a) Defendant has offered for sale and sold counterfeit HVN goods that infringe Plaintiffs' trademark rights and copyright; and because

(b) Plaintiffs have demonstrated a well-founded fear that, unless Defendant's conduct is enjoined, additional infringing and counterfeit products may appear in the marketplace, and that consumers will be misled, confused and disappointed by those infringing and counterfeit products, resulting in injury to Plaintiffs' reputation.

8. The balance of harms and the public interest favor issuance of a preliminary injunction because an injunction will protect the Plaintiffs and the public against harms caused by the Defendants' conduct, and because the benefit of the injunction outweighs the Defendant's interest in continuing to profit from its illegal and infringing conduct.

9. Service on Defendant's counsel via email, with a copy by recognized international express courier to the Defendant's principal office, is reasonably calculated to result in proper notice to the Defendant.

10. This Preliminary Injunction is issued on notice to the Defendant, as required by Fed. R. Civ. P. 65(a)(1), because Plaintiffs proved service on the Defendant of the Motion, all papers filed in support of the Motion, and the Court's Order setting a hearing on Plaintiffs' application for a preliminary injunction. (ECF Doc. 25.)

**PRELIMINARY INJUNCTION**

11. IT IS HEREBY ORDERED, sufficient cause being shown, and based upon the foregoing findings of fact and conclusions of law, that Defendant and its officers, agents, servants, employees, attorneys and all other persons in active concert or participation with Defendant, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the entry of a final judgment in this action or a further order of the Court:

    (a) using the registered HVN Mark for, or in connection with the manufacture, distribution, advertising, promotion, offering for sale, or sale of hats, kimonos, pants, robes, scarves, shorts, sleepwear, swimwear or women's clothing, namely shirts, dresses, skirts and blouses; and

      (b)    using, displaying, reproducing or copying the copyrighted HVN Cherry Print on, or in connection with the manufacture, distribution, advertising, promotion, offering for sale, or sale of any goods.

## STATUTORY CERTIFICATION OF COMPLIANCE BY THE DEFENDANT

12.    IT IS FURTHER ORDERED, sufficient cause being shown, that pursuant to 15 U.S.C. § 1116(a), within thirty (30) days after the service on the Defendant of this Order, the Defendant shall serve on the plaintiffs and file with the Court a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with this Order.

## SECURITY

13.    IT IS FURTHER ORDERED, pursuant to Fed. R. Civ. P. 65(c), that Plaintiffs shall deposit with the Court the sum of ten thousand dollars ($10,000.00) in cash, cashier's check, or surety bond, as security, which amount is deemed adequate for the payment of such damages as any person may be entitled to recover as a result of wrongful restraint hereunder. Plaintiffs' maintenance in effect of the undertaking dated January 12, 2022 and filed by the Plaintiffs on January 13, 2022, (ECF Doc. 26), shall constitute compliance with this provision.

## NOTICE TO THE ENJOINED PARTY

14.    IT IS FURTHER ORDERED that service of this Order by email upon the Defendant's legal department (legal@zaful.com) and its outside counsel Dr. Jorg Brettschneider, LL.B. (desk@ecomvat.com), with a hard copy via recognized international express courier to Defendant's principal office at Lomeway E-Commerce (Luxembourg) Limited, 29 Boulevard Prince Henri, L-1724, Luxembourg, on or before **January 27, 2022**, shall constitute good and sufficient service.

15.    Pursuant to Fed. R. Civ. P. 65(a)(2), all evidence submitted by the Plaintiff in support of the Motion that would be admissible at trial shall be deemed part of the trial record and need not be repeated at trial.

16. This Order shall become effective immediately and shall remain in effect until further order of the Court.

17. Within two months of the date of this Order, Plaintiffs shall either file proof of service of the summons and Complaint or a status letter regarding the same.

DATED: January 24, 2022
New York, New York

**SO ORDERED.**

_____
Hon. Jesse M. Furman
United States District Judge