UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HVN CLOTHING, INC.; *and* <br><br> HARLEY VIERA-NEWTON, <br><br> Plaintiffs, <br><br> - v - <br><br> LOMEWAY E-COMMERCE (LUXEMBOURG) LIMITED d/b/a ZAFUL; <br><br> Defendant. | No. 22 CV 0027 |

## [PROPOSED] JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, this action was commenced on January 3, 2022 by the filing of a Complaint (ECF Doc. 1);

WHEREAS, in the Complaint, Plaintiffs HVN Clothing, Inc. and Harley Viera-Newton (together, "Plaintiffs") seek injunctive relief and money damages against Defendant Lomeway E-Commerce (Luxembourg) Limited d/b/a Zaful ("Defendant" or "Zaful") for, *inter alia*, infringement of Plaintiff Ms. Viera-Newton's federally registered copyright in violation of the Copyright Act; infringement and counterfeiting of Plaintiff HVN Clothing Inc.'s federally-registered trademarks in violation of the Lanham Act; and for trademark infringement and unfair competition under the common law of the State of New York;

WHEREAS, the parties desire to settle the controversy between them and have entered into a settlement agreement for that purpose, which settlement agreement provides for the entry of a Judgment and Permanent Injunction upon the terms set forth herein;

**NOW THEREFORE**, it is HEREBY ORDERED, ADJUDGED, and DECREED:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121, 1331, and 1338(a); pursuant to 28 U.S.C. § 1338(b); and pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

3. Plaintiff HVN Clothing, Inc. is the owner of the U.S. trademark "HVN", U.S. Reg. No. 5,517,188, in International Class 25, which covers hats, kimonos, pants, robes, scarves, shorts, sleepwear, swimwear, and women's clothing, namely shirts, dresses, skirts, and blouses (the "HVN Mark").

4. Plaintiff Harley Viera-Newton is the owner of the registered copyright in a work registered with the U.S. Copyright Office in May 2017 and assigned Reg. No. VA 2-073-125 (the "HVN Cherry Print").

5. Defendant Lomeway E-Commerce (Luxembourg) Limited d/b/a Zaful offered for sale, sold, and distributed clothing bearing the HVN Mark and the HVN Cherry Print to consumers in the United States and in the State of New York.

6. No Plaintiff authorized the Defendant to use, copy, reproduce, display, offer for sale, sell, or distribute goods bearing the HVN Mark or the HVN Cherry Print.

7. Plaintiffs furnished proof that Defendant sold counterfeit versions of the HVN Mark and sold apparel that copies the HVN Cherry Print.

8. Plaintiffs are likely to suffer irreparable harm unless a permanent injunction is entered, because (a) Defendant has offered for sale and sold counterfeit HVN goods that infringe Plaintiffs' trademark rights and copyright; and because (b) Plaintiffs have demonstrated a well-founded fear that, unless Defendant's conduct is enjoined, additional infringing and counterfeit products may appear in the marketplace, and that consumers will be misled, confused and

disappointed by those infringing and counterfeit products, resulting in injury to Plaintiffs' reputation.

9.  The balance of harms and the public interest favor issuance of a permanent injunction because an injunction will protect the Plaintiffs and the public against harms caused by the Defendants' conduct, and because the benefit of the injunction outweighs the Defendant's interest in continuing to profit from its illegal and infringing conduct.

10. This Judgment and Permanent Injunction constitutes a final judgment on the merits of all claims and counterclaims asserted in the action, including for purposes of res judicata, collateral estoppel, issue preclusion and claim preclusion.

11. IT IS HEREBY FURTHER ORDERED, sufficient cause being shown, and based upon the foregoing findings of fact and conclusions of law, that Zaful and its officers, agents, servants, employees, attorneys and all other persons in active concert or participation with Zaful, are hereby permanently restrained and enjoined from directly or indirectly engaging in any of the following acts or omissions:

>    (a) using the registered HVN Mark for, or in connection with the manufacture, distribution, advertising, promotion, offering for sale, or sale of hats, kimonos, pants, robes, scarves, shorts, sleepwear, swimwear or women's clothing, namely shirts, dresses, skirts and blouses;
>
>    (b) using, displaying, reproducing or copying the copyrighted HVN Cherry Print on, or in connection with the manufacture, distribution, advertising, promotion, offering for sale, or sale of any goods; and
>
>    (c) aiding, assisting or abetting any other individual or entity in doing any act prohibited by Paragraphs 11(a) and (b).

12. This Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns.

13. If Zaful is found by the Court to be in contempt of, or otherwise to have violated this Judgment and Permanent Injunction, Plaintiffs shall be entitled to all available relief including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper at law or equity in the event of such violation.

14. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and Permanent Injunction.

15. The permanent injunction shall remain in full force and effect until modified by further order of this Court.

16. This Judgment and Permanent Injunction shall be deemed to have been served upon Plaintiffs and Defendant at the time of its execution and entry by the Court.

This __7__ day of __November__, 2022
New York, New York

**SO ORDERED.**

The Clerk of Court is directed to close the case.

_____
Hon. Jesse M. Furman
United States District Judge